J-S05027-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN E. MILLER | : | |
| | : | |
| Appellant | : | No. 700 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 11, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001659-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN MILLER | : | |
| | : | |
| Appellant | : | No. 710 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 11, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001556-2022

BEFORE: PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.: **FILED JULY 9, 2026**

Appellant, Christian E. Miller, appeals *nunc pro tunc* from the judgment

of sentence entered in the Philadelphia County Court of Common Pleas,

following his guilty plea to one count of involuntary deviate sexual intercourse

_____

[*] Retired Senior Judge assigned to the Superior Court.

("IDSI")[1] at docket No. 1659-2021, and one count of indecent assault of a person under thirteen[2] at docket No. 1556-2022. We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> With respect to [docket No. 1659-2021], Appellant … repeatedly assaulted complainant T.G. from roughly 2011 to 2018. T.G. was born in April 2006, making him approximately 5 to 12 years old at the time of the assaults. Appellant's date of birth is August 28, 1997, making him approximately 14 to 21 years old at the time of the assaults. T.G. resided with Appellant at his grandparents' home from the ages of 5 to 9. Appellant forced his penis into T.G.'s mouth on multiple occasions. If T.G. did not comply, Appellant became angry and violent, and at times he strangled T.G. The last time Appellant forced his penis into T.G.'s mouth, Appellant was over the age of 18.
>
> With respect to [docket No. 1556-2022], Appellant assaulted complainant A.P. when she was 6 or 7 years old. A.P. resided with Appellant at her grandparents' house. Appellant placed A.P. on the ground, removed her clothing, placed his body on top of hers, and moved back and forth while touching his penis to her vagina. As a result of these incidents, Appellant was arrested and charged with [IDSI] with a person under 16, indecent assault of a person under 13, and related offenses.
>
> On April 11, 2022, Appellant entered into a negotiated plea before [the trial court] to one count of IDSI of a person under 16 [at docket No. 1659-2021] and one count of indecent assault of a person under 13 [at docket No. 1556-2022]. Pursuant to the negotiations, [the trial court] sentenced Appellant to 4 to 8 years of confinement followed by 3 years of probation. [Specifically, at docket No. 1556-2022, the court sentenced Appellant to 3½ to 7 years of

---

[1] 18 Pa.C.S.A. § 3123(a).

[2] 18 Pa.C.S.A. § 3126(a).

incarceration, concurrent to docket No. 169-2021, where the court sentenced Appellant to 4 to 8 years, followed by 3 years of probation.] Due to his conviction for IDSI, and by agreement, Appellant was informed of his lifetime registration and reporting requirements under Revised Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA II")[, 42 Pa.C.S.A. §§ 9799.10–9799.41]. No post-sentence motions or direct appeal followed.

On August 9, 2023, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA")[, 42 Pa.C.S.A. §§ 9541-9546]. PCRA counsel was appointed and filed an amended petition seeking reinstatement of Appellant's post-sentence motion and appellate rights *nunc pro tunc* and asserted that he should not be subject to lifetime SORNA II registration and reporting because he was under 18 at the time all offenses were committed. Appellant also asserted that although his petition was facially untimely, he met the newly discovered facts exception to the PCRA time-bar [because he was unaware that an appeal was not filed]. Following a brief hearing on October 21, 2024, [the PCRA court] determined that Appellant has shown he met the newly-discovered facts exception to the time-bar and reinstated his post-sentence motion and appellate rights. ***See*** 42 Pa.C.S.[A.] § 9545(b)(1)(ii). Appellant filed a motion to withdraw his guilty pleas on October 23, 2024, which was denied by operation of law on February 25, 2025. On March 16, 2025, Appellant filed a timely notice of appeal to the Superior Court. On March 24, 2025, Appellant filed a concise statement of matters complained of on appeal, in which he asserts that his guilty plea was not knowing, intelligent, or voluntary, and that he should not be subject to lifetime SORNA II registration and reporting because he was under 18 at the time all offenses were committed.

(Trial Court Opinion, 5/2/25, at 1-3) (record citations omitted).

Appellant raises the following issues on appeal:

1) Did the [trial court] err in denying Appellant's post-sentence motion to withdraw his guilty plea, where a manifest injustice exists for the following reasons:

- 3 -

A. the guilty plea was entered into unknowingly, unintelligently and involuntary, due to plea-counsel's unlawful inducement;

B. Appellant unknowingly, unintelligently and involuntarily pled guilty to facts that occurred when he was an adult, but claims he is factually innocent of any offenses committed in adulthood;

C. Appellant has a 10th grade education, "can't read too well," and despite it being his only language, understands spoken English only "[a] little bit," suffers from cognitive and mental health issues that rendered him especially susceptible to being unlawfully induced into pleading guilty to offenses he did not commit as an adult?

2) Should Appellant be subject to lifetime reporting as a Tier III sex offender, as he asserts he committed no offenses as an adult?

(Appellant's Brief at 6) (some capitalization provided).

In his first issue, Appellant claims that the trial court erred when it denied his post-sentence motion to withdraw his guilty plea, arguing that the plea was not entered knowingly, intelligently, and voluntarily because plea counsel induced Appellant into pleading guilty. Specifically, Appellant insists that he did not commit any acts while he was an adult and only pled guilty based solely on plea counsel's inducement. Appellant claims that he was blind-sided by the recitation of facts at the plea hearing, accusing him of committing the acts as an adult, and Appellant did not have the time to consider the consequences prior to pleading guilty. Appellant concludes that a manifest injustice occurred which required the withdrawal of the guilty plea, and this Court must grant relief. We disagree.

- 4 -

Under our well-settled standard of review, "[w]e review the denial of a post-sentence motion to withdraw a guilty plea for an abuse of discretion." ***Commonwealth v. Gabra***, 336 A.3d 1052, 1056 (Pa.Super. 2025). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Id.*** at 1056-57 (quoting ***Commonwealth v. Kehr***, 180 A.3d 754, 757 (Pa.Super. 2018)).

> A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea.

***Id.*** (quoting ***Kehr, supra*** at 756-57).

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." ***Commonwealth v. Alameda***, 339 A.3d 504, 510 (Pa.Super. 2025), *appeal denied*, ___ Pa. ___, 353 A.3d 546 (2026) (quoting ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003)). It is well settled that the law does not require that an appellant be pleased with the outcome of his decision to plead guilty; all that is required is that the decision be knowingly, voluntarily, and intelligently made. ***Id.***

- 5 -

After a defendant has pled guilty, it is presumed that he was aware of what he was doing in entering the plea and thus has the burden of proving involuntariness. *Gabra, supra* at 1057. "Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Id.* (quoting *Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa.Super. 1999), *appeal denied*, 564 Pa. 709, 764 A.2d 1068 (2000)).

Instantly, the trial court explained its reasoning for denying Appellant's petition to withdraw his guilty plea as follows:

> It is clear from the record that Appellant did not suffer manifest injustice, and that his plea was knowing, intelligent, and voluntary. Appellant asserts that his plea was unlawfully induced by plea counsel; however, the record shows that Appellant understood the nature of his plea and entered into it of his own free will. [The trial court] conducted a lengthy oral colloquy at the time of Appellant's plea. During that colloquy, Appellant confirmed that he understood what was happening in the courtroom at the time of his plea, that he had the right to proceed to trial, that he was giving up certain rights by pleading guilty, that he was entering the plea of his own free will, and that he was satisfied with his attorney. (N.T. Plea Hearing, 4/11/22, at 7, 11-12). It is therefore clear from the record that plea counsel did not induce Appellant's plea.
>
> Appellant also asserts that his plea was not voluntary because he has a 10th grade education, poor reading skills, does not understand English well, and has cognitive and mental health issues that prevented him from understanding his plea. These claims are belied by the record, which shows that Appellant understood and meaningfully participated in his plea hearing. At the time of his plea, Appellant stated that he only understood spoken

- 6 -

English "a little bit," but that he did not have another preferred language. (*Id.* at 10). He also confirmed that his mental health issues did not prevent him from understanding the proceedings. (*Id.* at 11). Appellant's responses throughout the plea hearing show that he understood the proceedings. Appellant responded appropriately to all questions. (*Id.* at 10). When he did not understand a particular element of the hearing, he asked clarifying questions and received answers. (*Id.* at 7). Most notably, after the factual basis of the plea was read into the record, Appellant stated that parts of it were incorrect, and specified that he would like to change the year of his last assault against T.G. (*Id.* at 17). It is therefore clear from the record that Appellant understood the nature of his plea and the proceedings against him.

Finally, Appellant claims that his plea was involuntary because he is factually innocent of any crimes after he turned 18. [However, at] the time of his plea, Appellant specifically admitted to facts that included him being over 18 time the last time he forced his penis into T.G.'s mouth. The prosecutor initially stated that Appellant's last assault of T.G. occurred in 2019. Appellant indicated that that was not possible, because he was attending a drug and alcohol treatment program in Virginia in 2019. (*Id.* at 17). Plea counsel explained that, due to T.G.'s young age, many of the dates were approximate, and the prosecutor offered to amend the facts to say that "the last time that an incident occurred with the complainant and the defendant was when the defendant was over the age of 18." (*Id.* at 18). [The trial court] stated "I just want to make sure that we agree it happened in 2018. So, are those the facts, sir?" (*Id.* at 19). Appellant responded, "I plead guilty, Your Honor." (*Id.*) It is therefore clear from the record that Appellant knowingly, intelligently, and voluntarily pled guilty to committing IDSI against T.G. when Appellant was over the age of 18.

Moreover, there is nothing in the record to suggest that it is factually impossible for Appellant to have assaulted T.G. when he was over 18. In his supplemental amended PCRA petition, Appellant indicated that he lived with his mother until 2015, lived in Croydon, PA, in 2016, was arrested in September 2017 and incarcerated in Bucks County…, left

Pennsylvania without permission to attend treatment in Virginia for approximately 6 months starting in 2018 and ending in February 2019, and then lived with his father in North Carolina until 2020. (Appellant's Supplemental Amended PCRA Petition, 9/14/24, at 3-4). Nothing in that timeline makes it impossible for Appellant to have committed IDSI against T.G. in Philadelphia in 2018, or at another date when he was over the age of 18. Appellant turned 18 in August 2015, leaving approximately 3 years in which he was over the age of 18 and residing in Pennsylvania with access to T.G. Appellant was able to reach Philadelphia with relative ease during the time he lived in Croydon, as Croydon is a 40-minute drive from Philadelphia and accessible via SEPTA's Trenton line. Appellant posted bail for his Bucks County case on September 21, 2017 and was sentenced to 20 months of probation on January 5, 2018. If Appellant was in Virginia for roughly 6 months ending in February 2019, that means he left Pennsylvania around August 2018, leaving approximately 8 months in 2018 where he would have been able to assault T.G. It is therefore factually possible for Appellant to have been over 18 the last time he assaulted T.G.

(Trial Court Opinion at 4-6) (record citation formatting provided; footnote and unnecessary punctuation omitted).

Upon review, and considering the totality of the circumstances, the record reflects that Appellant voluntarily, knowingly, and intelligently tendered his guilty plea. *See Alameda, supra*. Appellant stated that he understood the nature of the charges that he was facing, and at no time did he allege that he was without information necessary to make a knowing plea, or that anyone forced him to plead guilty. Appellant stated that he was satisfied with the advice and services of counsel and that he was pleading guilty of his own free

will.[3]  Appellant has not met his burden to prove that the denial of his petition

to withdraw his guilty plea was a manifest injustice.  *See **Gabra, supra***.  As

_____

[3] At the plea hearing, after the prosecutor set forth the factual basis for the plea, the following exchange occurred:

> THE COURT: Sir, did you hear those facts?  [Appellant], did you hear the facts?
>
> [Appellant]: Yes, I hear the facts, Your Honor.
>
> THE COURT: Are those the facts [on] which you are basing your guilty pleas here today?
>
> [Appellant]: Yes, except for 2019, Your Honor.
>
> THE COURT: Okay.
>
> [Appellant]: In 2019, Your Honor, I was not in the state.  I was in the drug and alcohol program in Richmond, Virginia.  I didn't come back to the state until 2020 of February, Your Honor.
>
> [Defense Counsel]: May I help, Judge?
>
> THE COURT: Sure.
>
> [Defense Counsel]: The exact dates that were reported they are approximations.  So, he said 2019 and in this particular instance it was reported by a minor.  So they use the word on or about.
>
> Does that make sense?  Theirs is just a statement of facts.  There may be some disagreements but these are the basis for which you're pleading guilty to.
>
> In this particular instance they said on or about 2019.  So they got the dates wrong, that may be.  If you want to correct the date you can to 2020 instead of 2019 but I don't think it changes the substance.

*(Footnote Continued Next Page)*

such, the trial court did not abuse its discretion in denying Appellant's petition to withdraw his guilty plea. Thus, Appellant's first issue does not merit relief.

In his second issue, Appellant argues that because he was a juvenile at the time he committed the criminal acts, the trial court's imposition of lifetime reporting requirements under SORNA II was unconstitutional. Specifically, Appellant insists that he was a juvenile at all times that he committed acts of

_____

> [Appellant]: I want to change 2019, Your Honor.
>
> THE COURT: Okay, so in 2018 -- he was over age at that time, right?
>
> [Prosecutor]: So then, Your Honor, I would amend the facts that the last time being, the last time that an incident occurred with the complainant and [Appellant] was when [Appellant] was over the age of 18.
>
> And he did force his penis into the complainant's mouth.
>
> Would that satisfy the Court?
>
> THE COURT: I'm satisfied.
>
> I just want to make sure that we agree it happened in 2018.
>
> So, are those the facts, sir?
>
> [Appellant]: I plead guilty, Your Honor.
>
> THE COURT: Okay.
>
> I'm satisfied that the factual basis has been established. I'm satisfied that [Appellant] has pled guilty … knowing[ly], intelligently and voluntarily. We will accept his plea.

(N.T. Plea Hearing, 4/11/22, at 17-19).

IDSI-person less than 16, the categorizing offense which made him a Tier III offender. Appellant argues that pursuant to our Supreme Court's decision in *In re J.B.*, 630 Pa. 408, 107 A.3d 1 (2014), and this Court's decision in *Commonwealth v. Haines*, 222 A.3d 756 (Pa.Super. 2019), he should not be subject to the lifetime reporting requirements because none of the acts occurred when he was an adult. Although Appellant acknowledges that he ultimately pled guilty to criminal acts in years when he was an adult, Appellant again asserts that he was induced by plea counsel into entering the plea. Appellant concludes that this Court should either strike the reporting requirements from his sentence or remand this matter for Appellant to withdraw his guilty plea. We disagree.

Appellant's issue concerning whether the lifetime registration requirements were correctly imposed constitutes a challenge to the legality of his sentence, which presents a pure question of law for which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Asbury*, 299 A.3d 996, 998 (Pa.Super. 2023).

Under SORNA II, sexual offenses are classified as Tier I, Tier II, or Tier III. An individual convicted of a Tier III sexual offense is required to register with the Pennsylvania State Police for their lifetime. *See* 42 Pa.C.S.A. § 9799.15. Section 9799.14(d) of SORNA II sets forth a list of offenses which are classified as Tier III sexual offenses, which list includes IDSI. *See* 42 Pa.C.S.A. § 9799.14(d)(4).

In *In re J.B.*, our Supreme Court struck down the lifetime registration requirements as applied to juvenile offenders, holding that the lifetime registration requirements would violate juvenile offenders' due process rights by utilizing an irrebuttable presumption of recidivism. *J.B., supra* at 438, 107 A.3d at 20. In *Commonwealth v. Haines*, this Court applied the holding in *J.B.* and concluded that it applied with equal weight to defendants convicted as adults for crimes **committed as juveniles**. *Haines, supra* at 759.

Instantly, in its opinion, the trial court explained that Appellant knowingly, intelligently, and voluntarily pled guilty to committing IDSI as an adult. Therefore, the court concluded that he was required to register as a lifetime offender under the dictates of SORNA II. We agree with the trial court that based on his guilty plea to a Tier III offense as an adult, Appellant is subject to the lifetime reporting requirements set forth in SORNA II. We reiterate that at the plea hearing, Appellant specifically pled guilty to committing IDSI in 2018, when he was an adult. (**See** N.T. Plea Hearing, 4/11/22, at 19). Appellant confirmed that he understood that he would have to register as a Tier III offender for life. (**Id.** at 14). Thus, Appellant's claim on appeal that he was not an adult when he committed the crime is belied by the record. Accordingly, Appellant is not entitled to relief. Appellant's second issue is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/9/2026